# EXHIBIT A

David A. Schrader (Atty No. 039381988)
David Schrader & Associates, P.C.
2500 Westchester Ave., Ste 109
Purchase, New York 10577
(347) 879-2345
Attorneys for Plaintiff

| | |
|---|---|
| LORI HOWARD,<br><br>Plaintiff,<br><br>v.<br><br>PEOPLEASE HOLDINGS, LLC<br><br>Defendant. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION – PASSAIC COUNTY<br><br>Docket No.<br><br>CIVIL ACTION<br><br>VERIFIED COMPLAINT |

Plaintiff Lori Howard, with an address at 749 Colfax Ave, Pompton Lakes, New Jersey, by and through her undersigned counsel, by way of complaint against Defendant, states:

## INTRODUCTION

1. This action is brought by plaintiff Lori Howard ("Howard") to collect unpaid compensation earned while employed at defendant Peoplease Holdings, LLC ("Peoplease" or the "Company"). In particular, pursuant to the terms negotiated by Howard at the outset of her employment, Peoplease agreed to pay Howard continued monthly commission payments on active client accounts on which she was being paid as of the termination of her employment for so long as those accounts remained active at the Company (the "Continued Payment Obligation").

2. Although Howard's employment terminated on or about February 5, 2024, the Company has refused to pay the Continued Payment Obligation to Howard causing her financial loss. The unpaid compensation owing to Howard which is estimated to be accruing at the rate of approximately $25-$30,000 per month commencing March 2024 and continuing as long as the clients continue to be active at Peoplease.

## THE PARTIES

3. Plaintiff Howard is an individual residing at 749 Colfax Avenue, Pompton Lakes, New Jersey. Howard was employed by Peoplease as Vice President of Enterprise Sales and worked for Peoplease from approximately November 2021 until February 5, 2024. Howard worked from her home in Pompton Lakes, New Jersey – designated as a home office for the Company.

4. Defendant Peoplease is a Delaware limited liability company with its principal corporate office at 177 Meeting Street, Charleston, South Carolina. Upon information and belief, Peoplease also maintains an office in Cherry Hill, New Jersey (see LinkedIn (https://www.linkedin.com/company/peoplease/). The Company is privately owned.

5. Peoplease is a Professional Employer Organization which provides human resources, payroll management, employee benefits and safety risk and compliance services.

6. As noted above, pursuant to the terms negotiated by Howard at the outset of her employment, Peoplease agreed to pay Howard a 13% commission on gross profits from her active client accounts and additionally agreed that upon the termination of her employment from the Company, Howard would receive continued monthly commission payments on active client accounts on which she was being paid as of the termination of her employment for so long as those accounts remained active at the Company (the "Continued Payment Obligation").

7. The Continued Payment Obligation was agreed in a series of calls and emails between Howard and Jerry White in November 2021 and was material to Howard's agreement to work at Peoplease. At the time of the agreement, Jerry White ("White") was the Chief Executive Officer of Peoplease.

8. Specifically, at the termination of Howard's employment she was to be converted to an independent contractor and would receive the continuing commission in this capacity.

9. When Howard's employment was to terminate, she requested that she be converted to an independent contractor and receive the Continuing Payment Obligation. On or about February 5, 2024, Peoplease sent Howard a proposed separation agreement. The Agreement included a watered down version of the Continued Payment Obligation – which would have made payment of the Continuing Payment Obligation -- but framed the obligation as subject to termination by Peoplease at their discretion. The proposed separation agreement stated:

> Continuation of monthly commission payments on active client accounts on which you are being paid commissions as of the Separation Date, minus applicable federal and state withholdings ("Payments"). Payments shall be calculated using the method and formula in place on the Effective Date of this Agreement and continue as long as all of clients' Service Agreements with Employer remain active **and as long as Employer, in its discretion, determines Employee is adding value to the relationships between Employer and its clients.**

Emphasis added. This added language by the Company was unacceptable; did not match the agreement between Howard and Peoplease; and was rejected by Howard.

10. In a telephone call between Howard and White in July 2024, White acknowledged to Lori that she was supposed to receive the Continued Payment Obligation – notwithstanding that the Company has refused to pay it to her.

11. Notwithstanding the promises made by the Company, Howard did not receive the Continued Payment Obligation due and owing to her, which corporate obligation continues now and into the future.

12. Howard is entitled to an accounting of all amounts due and owing to her.

13. As noted above, the lost commissions owing to Howard are at the approximate rate of $25-$30,000 per month or approximately $300,000 - $360,000 per year. Howard beliefs that the flow of business will continue for no less than 5 years. Even over a 5 year period going forward, this would equate to in excess of $1.5 million.

**COUNT ONE**
**(Breach of Contract)**

14. Plaintiff repeats each of her allegations set forth above as if fully set forth herein at length.

15. Plaintiff entered into an employment agreement with the defendant pursuant to which defendant had an obligation to pay plaintiff various compensation. This included the Continuing Payment Obligation.

16. Plaintiff performed her obligations under the employment agreement.

17. Defendant breached the agreement by, among other things, failing and refusing to pay Continuing Payment Obligation to Howard.

18. Defendant's failure constitute a breach of its contractual obligations owing to plaintiff.

19. As a result of Defendant's failure, Plaintiff has been financially injured.

20. Defendant's breach of contract has caused severe financial injury to the plaintiff.

21. As a direct and proximate result of Defendant's breaches and willful misconduct, Plaintiff has suffered significant financial damages.

**COUNT TWO**
**(Breach of Implied Covenant of Good Faith and Fair Dealing)**

22. Plaintiff repeats each of her allegations set forth above as if fully set forth herein at length.

23. "Every contract in New Jersey contains an implied covenant of good faith and fair dealing." *Kalogeras v. 239 Broad Ave., LLC*, 202 N.J. 349, 366 (2010) (internal citation omitted).

24. "Good faith" entails adherence to "community standards of decency, fairness or reasonableness." *Iliadis v. Wal–Mart Stores, Inc.*, 191 N.J. 88, 109–10 (2007) (quoting *Wilson v. Amerada Hess Corp.*, 168 N.J. 236, 245 (2001)).

25. Defendant has breached its contractual obligation of good faith and fair dealing by, among other things, failing and refusing to pay compensation owing.

26. As a direct and proximate result of Defendant's breaches of their obligation of good faith and fair dealing, Plaintiff has suffered significant monetary damages.

**COUNT THREE**
**(Labor Laws – New Jersey)**

27. Plaintiff repeats each of her allegations set forth above as if fully set forth herein at length.

28. To the extent that plaintiff's employment is found to be subject to New Jersey Labor Laws, defendant's failures to pay compensation violates N.J.S.A. 34:11-58 (et seq). and relevant administrative code provisions.

29. Defendant failed to comply with these statutory provisions and failed to pay compensation due and owing.

30. Among other things, pursuant to this statute, defendant must pay the unpaid compensation and may be assessed up to 200% of this unpaid amount as a civil penalty.

31. In this regard, plaintiff is additionally entitled to these statutory penalties and attorneys' fees, and such other penalties and compensation as provided under applicable Labor Laws.

**COUNT FOUR**
**(Quantum Meruit and Unjust Enrichment)**

32. Plaintiff repeats each of her allegations set forth above as if fully set forth herein at length.

33. Plaintiff provided services for which she was never paid or otherwise compensated.

34. These services were undertaken for the benefit of defendant, who received the benefit of, or the opportunity to benefit from, these services.

35. The actual benefit conferred on defendant was in an amount of the alleged unpaid compensation set forth above.

36. The compensation which was unpaid to plaintiff was a material inducement for her to accept employment with the defendant.

37. Demand has been made of the defendant for payment of the value of the services performed, but defendant has failed and refused to compensate plaintiff therefore..

38. Defendant has therefore been unjustly enriched to plaintiff's detriment and at plaintiff's expense.

**COUNT FIVE**
**(Promisory Estoppel)**

39. Plaintiff repeats each of her allegations set forth above as if fully set forth herein at length.

40. The promises made by defendant to plaintiff, each described in detail above were clear and unambiguous in their terms, including but not limited to the promise of compensation.

41. The promises were made by the CEO of the defendant Company,

42. Said promises were reasonably relied upon by plaintiff to her detriment.

43. Such reliance was foreseeable to defendant.

44. Defendant failed to satisfy its promised obligations.

45. By reason of the foregoing, plaintiff has been injured and is entitled to damages.

**COUNT SIX**
**(Equitable Estoppel)**

46. By reason of the foregoing, the plaintiff has been financially injured and has sustained severe economic injury.

47. Defendant represented to Howard that she would receive the full benefit of the compensation package offered to her.

48. To the extent that these statements were false, Howard did not know the falsity of these statements.

49. Howard continued to rely upon these statements and continued to work at Peoplease believing that she would receive the compensation to which she was due.

50. These representations were knowingly made by defendant with the expectation that Howard would rely upon such statements, and that among other things, Howard would rely upon such representations and would perform additional services for defendant.

51. Howard did not know that the Company would fail to honor such representations and Howard relied upon such Representations in good faith.

52. Howard's good faith reliance on these representations led Howard to accept employment at Peoplease and to remain in this employment, and to change her position to her detriment.

53. By reason of the foregoing, Howard has been injured and is entitled to damages as set forth in detail above.

**COUNT SEVEN**
**(Accounting)**

54. By reason of the foregoing, the plaintiff has been financially injured and has sustained severe economic injury.

55. The compensation owing to Howard requires the calculation of continuing business being conducted by the defendant.

56. In order to properly compute damages owing, Howard is entitled to an accounting of all continuing income from active client accounts on which Howard was being paid as of the termination of her employment at Peoplease and continuing forward for so long as those accounts remained active at the Company.

**WHEREFORE**, plaintiff demands judgement against Defendant for (a) compensatory damages; (b) an accounting; (c) punitive damages; (d) statutory penalties to which plaintiff is

entitled under the Labor Law; (e) costs and interest; (f) attorneys' fees; and (g) for such other and further relief as the Court deems just and proper.

**DESIGNATION OF TRIAL ATTORNEY**

Pursuant to Rule 4:25-4, Plaintiff hereby designates David A. Schrader, Esq. as her trial attorney in this matter.

**DEMAND FOR TRIAL BY JURY**

Plaintiff herby demands a trial by jury of all issues so triable in the within matter.

**CERTIFICATION PURSUANT TO RULE 4:5-1**

I hereby certify that the within action is not the subject of any other action pending in any other Court or of a pending arbitration proceeding.

**CERTIFICATION PURSUANT TO RULE 1:38-7(b)**

I hereby certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b)

DAVID SCHRADER & ASSOCIATES, P.C.
Attorneys for Plaintiff

By: *David Schrader*
DAVID A. SCHRADER

DATED: August 10, 2024

**VERIFICATION**

I, Lori Howard, am the plaintiff in the above matter. I hereby certify and state that I have read the attached complaint and that the facts contained therein are true to my personal knowledge, except the facts set forth upon information and belief, which I believe to be true.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.

Lori L Howard
Lori Howard

Dated: August 10, 2024

**ATTORNEY CERTIFICATION**

I am an attorney at law of the State of New Jersey and am a member of the firm of David Schrader & Associates, P.C., attorneys for plaintiff in the above action. Annexed hereto is the facsimile signature of Lori Howard. The signatory has acknowledged the genuineness of her signature to me.

I am filing this Certification pursuant to Rule 1:4-4(c) so that the Court may accept these facsimile signatures on the annexed Verifications. An original signature will be filed if requested by the Court or a party.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I may be subject to punishment.

David Schrader
David A. Schrader

DATED: August 10, 2024

# Civil Case Information Statement

## Case Details: PASSAIC | Civil Part Docket# L-002416-24

**Case Caption:** SCHRADER DAVID VS PEOPLEASE HOLDINGS, LLC
**Case Initiation Date:** 08/13/2024
**Attorney Name:** DAVID A SCHRADER
**Firm Name:** DAVID SCHRADER & ASSOCIATES, P.C.
**Address:** 2500 WESTCHESTER AVE, SUITE 109 SUITE 109
PURCHASE NY 10577
**Phone:** 3478792345
**Name of Party:** PLAINTIFF : Schrader, David, A
**Name of Defendant's Primary Insurance Company** (if known): Unknown

**Case Type:** CONTRACT/COMMERCIAL TRANSACTION
**Document Type:** Complaint with Jury Demand
**Jury Demand:** YES - 6 JURORS
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO
**Does this case involve claims related to COVID-19? NO**

**Are sexual abuse claims alleged by: David A Schrader? NO**

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**

**CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION**

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Employer/Employee

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
**If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
**If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO **Title 59?** NO **Consumer Fraud?** NO **Medical Debt Claim?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

08/13/2024
Dated

/s/ DAVID A SCHRADER
Signed

PASSAIC SUPERIOR COURT
PASSAIC COUNTY COURTHOUSE
77 HAMILTON STREET
PATERSON NJ 07505

TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (973) 653-2910
COURT HOURS 8:30 AM - 4:30 PM

DATE: AUGUST 13, 2024
RE: SCHRADER DAVID VS PEOPLEASE HOLDINGS, LLC
DOCKET: PAS L -002416 24

THE ABOVE CASE HAS BEEN ASSIGNED TO: TRACK 2.

DISCOVERY IS 300 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

THE PRETRIAL JUDGE ASSIGNED IS: HON VICKI A. CITRINO

IF YOU HAVE ANY QUESTIONS, CONTACT TEAM 002 AT: (973) 653-2910 EXT 24231.

IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.

PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE WITH R.4:5A-2.

ATTENTION:

ATT: DAVID A. SCHRADER
DAVID SCHRADER & ASSOCIATES, P
2500 WESTCHESTER AVE, SUITE 109
SUITE 109
PURCHASE NY 10577

ECOURTS

David A. Schrader (Atty No. 039381988)
David Schrader & Associates, P.C.
2500 Westchester Ave., Ste 109
Purchase, New York 10577
(347) 879-2345
Attorneys for Plaintiff

| | |
|---|---|
| LORI HOWARD, Plaintiff, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION – PASSAIC COUNTY |
| v. | Docket No. L - 2416-24 |
| PEOPLEASE HOLDINGS, LLC Defendant. | CIVIL ACTION |
| | SUMMONS |

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov.

Michelle Smith
Clerk of the Superior Court

DATED: August 27, 2024

TO: PEOPLEASE HOLDINGS, LLC
177 Meeting Street
Charleston, South Carolina.

4. Defendant Peoplease is a Delaware limited liability company with its principal corporate office at 177 Meeting Street, Charleston, South Carolina. Upon information and belief, Peoplease also maintains an office in Cherry Hill, New Jersey (see LinkedIn (https://www.linkedin.com/company/peoplease/). The Company is privately owned.

5. Peoplease is a Professional Employer Organization which provides human resources, payroll management, employee benefits and safety risk and compliance services.

6. As noted above, pursuant to the terms negotiated by Howard at the outset of her employment, Peoplease agreed to pay Howard a 13% commission on gross profits from her active client accounts and additionally agreed that upon the termination of her employment from the Company, Howard would receive continued monthly commission payments on active client accounts on which she was being paid as of the termination of her employment for so long as those accounts remained active at the Company (the "Continued Payment Obligation").

7. The Continued Payment Obligation was agreed in a series of calls and emails between Howard and Jerry White in November 2021 and was material to Howard's agreement to work at Peoplease. At the time of the agreement, Jerry White ("White") was the Chief Executive Officer of Peoplease.

8. Specifically, at the termination of Howard's employment she was to be converted to an independent contractor and would receive the continuing commission in this capacity.

9. When Howard's employment was to terminate, she requested that she be converted to an independent contractor and receive the Continuing Payment Obligation. On or about February 5, 2024, Peoplease sent Howard a proposed separation agreement. The Agreement

included a watered down version of the Continued Payment Obligation – which would have made payment of the Continuing Payment Obligation -- but framed the obligation as subject to termination by Peoplease at their discretion. The proposed separation agreement stated:

> Continuation of monthly commission payments on active client accounts on which you are being paid commissions as of the Separation Date, minus applicable federal and state withholdings ("Payments"). Payments shall be calculated using the method and formula in place on the Effective Date of this Agreement and continue as long as all of clients' Service Agreements with Employer remain active **and as long as Employer, in its discretion, determines Employee is adding value to the relationships between Employer and its clients.**

Emphasis added. This added language by the Company was unacceptable; did not match the agreement between Howard and Peoplease; and was rejected by Howard.

10. In a telephone call between Howard and White in July 2024, White acknowledged to Lori that she was supposed to receive the Continued Payment Obligation – notwithstanding that the Company has refused to pay it to her.

11. Notwithstanding the promises made by the Company, Howard did not receive the Continued Payment Obligation due and owing to her, which corporate obligation continues now and into the future.

12. Howard is entitled to an accounting of all amounts due and owing to her.

13. As noted above, the lost commissions owing to Howard are at the approximate rate of $25-$30,000 per month or approximately $300,000 - $360,000 per year. Howard beliefs that the flow of business will continue for no less than 5 years. Even over a 5 year period going forward, this would equate to in excess of $1.5 million.

## <u>COUNT ONE</u>

**(Breach of Contract)**

14. Plaintiff repeats each of her allegations set forth above as if fully set forth herein at length.

15. Plaintiff entered into an employment agreement with the defendant pursuant to which defendant had an obligation to pay plaintiff various compensation. This included the Continuing Payment Obligation.

16. Plaintiff performed her obligations under the employment agreement.

17. Defendant breached the agreement by, among other things, failing and refusing to pay Continuing Payment Obligation to Howard.

18. Defendant's failure constitute a breach of its contractual obligations owing to plaintiff.

19. As a result of Defendant's failure, Plaintiff has been financially injured.

20. Defendant's breach of contract has caused severe financial injury to the plaintiff.

21. As a direct and proximate result of Defendant's breaches and willful misconduct, Plaintiff has suffered significant financial damages.

**COUNT TWO**
**(Breach of Implied Covenant of Good Faith and Fair Dealing)**

22. Plaintiff repeats each of her allegations set forth above as if fully set forth herein at length.

23. "Every contract in New Jersey contains an implied covenant of good faith and fair dealing." *Kalogeras v. 239 Broad Ave., LLC*, 202 N.J. 349, 366 (2010) (internal citation omitted).

24. "Good faith" entails adherence to "community standards of decency, fairness or reasonableness." *Iliadis v. Wal–Mart Stores, Inc.*, 191 N.J. 88, 109–10 (2007) (quoting *Wilson v. Amerada Hess Corp.*, 168 N.J. 236, 245 (2001)).

25. Defendant has breached its contractual obligation of good faith and fair dealing by, among other things, failing and refusing to pay compensation owing.

26. As a direct and proximate result of Defendant's breaches of their obligation of good faith and fair dealing, Plaintiff has suffered significant monetary damages.

**COUNT THREE**
**(Labor Laws – New Jersey)**

27. Plaintiff repeats each of her allegations set forth above as if fully set forth herein at length.

28. To the extent that plaintiff's employment is found to be subject to New Jersey Labor Laws, defendant's failures to pay compensation violates N.J.S.A. 34:11-58 (et seq). and relevant administrative code provisions.

29. Defendant failed to comply with these statutory provisions and failed to pay compensation due and owing.

30. Among other things, pursuant to this statute, defendant must pay the unpaid compensation and may be assessed up to 200% of this unpaid amount as a civil penalty.

31. In this regard, plaintiff is additionally entitled to these statutory penalties and attorneys' fees, and such other penalties and compensation as provided under applicable Labor Laws.

**COUNT FOUR**
**(Quantum Meruit and Unjust Enrichment)**

32. Plaintiff repeats each of her allegations set forth above as if fully set forth herein at length.

33. Plaintiff provided services for which she was never paid or otherwise compensated.

34. These services were undertaken for the benefit of defendant, who received the benefit of, or the opportunity to benefit from, these services.

35. The actual benefit conferred on defendant was in an amount of the alleged unpaid compensation set forth above.

36. The compensation which was unpaid to plaintiff was a material inducement for her to accept employment with the defendant.

37. Demand has been made of the defendant for payment of the value of the services performed, but defendant has failed and refused to compensate plaintiff therefore..

38. Defendant has therefore been unjustly enriched to plaintiff's detriment and at plaintiff's expense.

**COUNT FIVE**
**(Promisory Estoppel)**

39. Plaintiff repeats each of her allegations set forth above as if fully set forth herein at length.

40. The promises made by defendant to plaintiff, each described in detail above were clear and unambiguous in their terms, including but not limited to the promise of compensation.

41. The promises were made by the CEO of the defendant Company,

42. Said promises were reasonably relied upon by plaintiff to her detriment.

43. Such reliance was foreseeable to defendant.

44. Defendant failed to satisfy its promised obligations.

45. By reason of the foregoing, plaintiff has been injured and is entitled to damages.

**COUNT SIX**
**(Equitable Estoppel)**

46. By reason of the foregoing, the plaintiff has been financially injured and has sustained severe economic injury.

47. Defendant represented to Howard that she would receive the full benefit of the compensation package offered to her.

48. To the extent that these statements were false, Howard did not know the falsity of these statements.

49. Howard continued to rely upon these statements and continued to work at Peoplease believing that she would receive the compensation to which she was due.

50. These representations were knowingly made by defendant with the expectation that Howard would rely upon such statements, and that among other things, Howard would rely upon such representations and would perform additional services for defendant.

51. Howard did not know that the Company would fail to honor such representations and Howard relied upon such Representations in good faith.

52. Howard's good faith reliance on these representations led Howard to accept employment at Peoplease and to remain in this employment, and to change her position to her detriment.

53. By reason of the foregoing, Howard has been injured and is entitled to damages as set forth in detail above.

**COUNT SEVEN**
**(Accounting)**

54. By reason of the foregoing, the plaintiff has been financially injured and has sustained severe economic injury.

55. The compensation owing to Howard requires the calculation of continuing business being conducted by the defendant.

56. In order to properly compute damages owing, Howard is entitled to an accounting of all continuing income from active client accounts on which Howard was being paid as of the termination of her employment at Peoplease and continuing forward for so long as those accounts remained active at the Company.

**WHEREFORE**, plaintiff demands judgement against Defendant for (a) compensatory damages; (b) an accounting; (c) punitive damages; (d) statutory penalties to which plaintiff is

entitled under the Labor Law; (e) costs and interest; (f) attorneys' fees; and (g) for such other and further relief as the Court deems just and proper.

**DESIGNATION OF TRIAL ATTORNEY**

Pursuant to Rule 4:25-4, Plaintiff hereby designates David A. Schrader, Esq. as her trial attorney in this matter.

**DEMAND FOR TRIAL BY JURY**

Plaintiff herby demands a trial by jury of all issues so triable in the within matter.

**CERTIFICATION PURSUANT TO RULE 4:5-1**

I hereby certify that the within action is not the subject of any other action pending in any other Court or of a pending arbitration proceeding.

**CERTIFICATION PURSUANT TO RULE 1:38-7(b)**

I hereby certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b)

DAVID SCHRADER & ASSOCIATES, P.C.
Attorneys for Plaintiff

By:_______________________________
DAVID A. SCHRADER

DATED: August 10, 2024

## VERIFICATION

I, Lori Howard, am the plaintiff in the above matter. I hereby certify and state that I have read the attached complaint and that the facts contained therein are true to my personal knowledge, except the facts set forth upon information and belief, which I believe to be true.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.

______________________________
Lori Howard

Dated: August 10, 2024

**ATTORNEY CERTIFICATION**

I am an attorney at law of the State of New Jersey and am a member of the firm of David Schrader & Associates, P.C., attorneys for plaintiff in the above action. Annexed hereto is the facsimile signature of Lori Howard. The signatory has acknowledged the genuineness of her signature to me.

I am filing this Certification pursuant to Rule 1:4-4(c) so that the Court may accept these facsimile signatures on the annexed Verifications. An original signature will be filed if requested by the Court or a party.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I may be subject to punishment.

______________________________
David A. Schrader

DATED: August 10, 2024