UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LORI HOWARD, | Case No. 2:24-cv-09476 (KSH) (SDA) |
| Plaintiff, | Hon. Stacey D. Adams |
| v. | **OPINION** |
| PEOPLEASE HOLDINGS, LLC, | **October 27, 2025** |
| Defendant. | |

**THIS MATTER** comes before the Court on the motion of Plaintiff Lori Howard ("Plaintiff") to Amend the Complaint. (ECF No. 20). Defendant Peoplease Holdings, LLC ("Defendant") opposes the motion. (ECF No. 22). The Court decides this motion without oral argument pursuant to Fed. R. Civ. P. 78. The Court, having considered the parties' submissions, and for good cause shown, hereby **GRANTS** the Motion in part and **DENIES** the Motion in part, without prejudice.

### PROCEDURAL HISTORY AND FACTUAL BACKGROUND

On August 13, 2024, Plaintiff filed the instant Complaint against Defendant in the Superior Court of New Jersey, Law Division, Passaic County alleging (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) wage payment violations; (4) quantum meruit and unjust enrichment; (5) promissory estoppel; and (6) equitable estoppel. (ECF No. 1-1 at 1). The crux of Plaintiff's complaint is that she was supposed to be paid ongoing commissions on client accounts that she brought to Defendant in perpetuity even after her employment terminated. (*Id.*). On September 26, 2024, Defendant removed the matter to this Court. (ECF No. 1). Defendant filed its Answer and Affirmative Defenses on October 17, 2024. (ECF No. 4).

In the parties' proposed joint discovery plan, submitted to the Court on December 31, 2024 in advance of the Rule 16 initial scheduling conference, Plaintiff notified the Court that she believed she needed to amend the complaint to add additional defendants and to identify the proper corporate entity that employed Plaintiff. (ECF No. 9). She explained that there were several important documents, such as her offer letter, commission statements and various corporate documents, that either did not identify a specific corporate entity or identified different corporate entities, all under the umbrella of "Peoplease." (*Id.*).

The Court entered an initial pretrial scheduling order on January 6, 2025. (ECF No. 10). This order set forth a fulsome discovery schedule for this matter. (*Id.*). It also specifically directed the parties to "engage in limited discovery concerning the proper corporate entity(ies) and, if there is consent, Plaintiff will file an Amended Complaint by February 21, 2025." (*Id.* ¶ 16). The order also granted Plaintiff leave to file a Motion to Amend by that same date if there was no consent. (*Id.*). Plaintiff wrote to the Court on February 14, 2025 requesting an extension of time to file an Amended Complaint because Defendant failed to provide the information needed to identify Plaintiff's proper employer. (ECF No. 11). The Court granted the request and extended Plaintiff's deadline to file an Amended Complaint until March 10, 2025. (ECF No. 16). In response to letters from the parties (ECF Nos. 14, 15, 18), the Court issued an additional Text Order on March 5, 2025 clarifying the scope of the limited discovery with respect to identifying the proper Defendant(s) and further extending Plaintiff's time to file a Motion to Amend the Complaint until June 1, 2025. (ECF No. 19).

Pursuant to that Order, Plaintiff timely filed the current Motion to Amend on May 3, 2025. (ECF No. 20). Plaintiff seeks to add (i) an additional Peoplease related company "that was an employer of [P]laintiff"; (ii) a claim for alter ego liability to address the fact that multiple corporate

2

entities were allegedly being used interchangeably and therefore are each liable for any damages in this case; and (iii) a claim for "past compensation based upon an incorrect calculation of payments previously made to Howard which were identified during discovery." (ECF No. 20-1 at 2; ECF No. 20-4 at 2, 6, 9, 14). Plaintiff states that documents produced during discovery helped her identify the proper corporate entities. (ECF No. 20-1 at 2). She further explains that she first discovered, through documents produced during discovery, that her commissions were miscalculated. (*Id.* at 4-5). Specifically, she learned that, at some point during her employment, Defendant began deducting brokers' fees from her commission, when her agreement specifically stated she was supposed to receive her commissions on gross profits. (ECF No. 20-4 ¶¶ 61-70, 74). She did not realize these fees were being deducted until she received the discovery. (ECF No. 20-1 at 4-5).

Defendant opposes Plaintiff's motion for three reasons. (Def. Opp'n Br., ECF No. 22). First, it argues that the amendment would be futile with regard to the alter ego claim because it is not an independent claim. (*Id.* at 2). Next, Defendant argues undue delay by Plaintiff in seeking this amendment. (*Id.* at 3). Finally, Defendant argues that Plaintiff should not be permitted to add fictitious parties when the entire purpose of the amendment was to identify the proper corporate entities. (*Id.* at 4). Plaintiff replied to the opposition on June 1, 2025. (ECF No. 26).

## **LEGAL ANALYSIS**

Federal Rule of Civil Procedure 15(a) allows a party to amend its pleadings by leave of court when justice so requires. Leave to amend pleadings is to be freely given. Fed. R. Civ. P. 15(a)(2); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). The decision to grant leave to amend rests within the discretion of the court. *Foman*, 371 U.S. at 182. The Third Circuit has adopted a "liberal" approach to amendments of pleadings. *DLJ Mortg. Cap., Inc. v. Sheridan*, 975 F.3d 358,

369 (3d Cir. 2020). A court may deny a motion to amend only where there is (1) undue delay; (2) bad faith or dilatory motive; (3) undue prejudice; (4) repeated failures to cure deficiencies; or (5) futility of amendment. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 1984). "Only when these factors suggest that amendment would be 'unjust' should the court deny leave." *Arthur v. Maersk, Inc.*, 434 F.3d 196, 203 (3d Cir. 2006) (citations omitted). These factors "are not exhaustive, allowing a court to ground its decision, within reason, on consideration of additional equities, such as judicial economy/burden on the court and the prejudice denying leave to amend would cause to the plaintiff." *Mullin v. Balicki*, 875 F.3d 140, 149-50 (3d Cir. 2017). However, the most important factor is prejudice to the non-moving party. *Id.* at 150.

Here, Defendant argues that the Motion should be denied on the basis of Plaintiff's undue delay and that some of the proposed amendments are futile. (ECF No. 22 at 2-3). Defendant also argues that Plaintiff seeks to misuse fictitious party practice. (*Id.* at 4). Only these factors will be addressed herein.

    ***i.    Undue Delay***

Defendant first argues that Plaintiff unduly delayed in bringing the Motion because she waited nine months to amend to add parties that "she already knew [about] when she filed the Complaint." (*Id.* at 3).

Case law provides that "[t]here is no presumptive period in which a motion for leave to amend is deemed 'timely' or in which delay becomes 'undue.'" *Ford Motor Co. v. Edgewood Props., Inc.*, No. 06-cv-1278 (WJM), 2010 WL 5151605, at *5 (D.N.J. Dec. 10, 2010) (*citing Coulson v. Town of Kearny*, No. 07-cv-5893 (PGS), 2010 WL 331347, at *3 (D.N.J. Jan. 19, 2010)), *aff'd*, 2011 WL 1321605 (D.N.J. Apr. 4, 2011). In determining whether the instant Motion was the result of undue delay, this Court must examine Plaintiff's reasons for not moving

4

to amend sooner. *AstraZeneca AB v. Ranbaxy Pharms., Inc.*, No. 05-cv-5553 (JAP), 2008 WL 5272018, at *6 (D.N.J. Dec. 16, 2008). Moreover, delay alone does not justify denying a motion to amend. *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001). Rather, only when the delay places an unwarranted burden on the court or on the opposing party is a denial on the basis of delay appropriate. *Adams v. Gould Inc.*, 739 F.2d 858, 868 (3d Cir. 1984). Unless the delay at issue will prejudice the non-moving party, a movant does not need to establish a compelling reason for its delay. *Heyl & Patterson Int'l, Inc. v. F.D. Rich Hous. of V.I., Inc.*, 663 F.2d 419, 426 (3d Cir. 1981).

Here, there was no undue delay by Plaintiff. She alerted the Court of her need to conduct limited discovery as to which Peoplease entity was her actual employer on December 31, 2024 and explained her counsel had already been "in communication regarding trying to resolve this matter" and had "requested various documents" to try to identify the proper entity even prior to alerting the Court. (ECF No. 9 at 3). During the initial pretrial conference, Plaintiff's counsel again flagged the issue resulting in the Court's directive for the parties to "engage in limited discovery concerning the proper corporate entity(ies)." (ECF No. 10 ¶ 16). The Court specifically granted Plaintiff leave to file a Motion to Amend the Complaint if the limited discovery revealed any additional or alternative corporate defendants. (*Id.*).

While the initial deadline to file the Motion to Amend the Complaint was February 21, 2025 (*id.*), Plaintiff timely wrote to the Court on February 14, 2025 to seek an extension of this deadline based on *Defendant's* failure to provide the information and documents needed to identify Plaintiff's employer. (ECF No. 11). Defendant consented to this extension request. (ECF No. 14). The Court therefore extended Plaintiff's deadline to file a Motion to Amend the Complaint to March 10, 2025. (ECF No. 16). Upon additional back-and-forth between the parties on the extent

5

and limitations of discovery, the Court provided clarification and further extended the deadline until June 1, 2025. (ECF No. 19). Plaintiff timely filed this motion before this deadline. (ECF No. 20). Thus, there was no undue delay by Plaintiff and the motion was timely filed.

Defendant's argument that Plaintiff knew of the existence of Peoplease, LLC at the time she filed the Complaint does not change this result. Plaintiff made it clear at the initial scheduling conference that there was much confusion as to who was her proper employer because Defendant's documents identified a number of different entities including Peoplease, LLC, Peoplease Group, Peoplease Holdings, LLC, Peoplease, and Peoplease PLC Services. (ECF No. 9). Plaintiff's desire to conduct discovery so she could identify the correct employer(s), as opposed to just naming every possible entity, demonstrates diligence, not delay. Notably, Defendant does not deny that the newly added entity, Peoplease, LLC was, in fact, Plaintiff's employer. To deprive Plaintiff of the opportunity to sue the correct entity when Defendant's internal documents were confusing, and Defendant delayed providing clarifying information, would be unfair and unjust.

Further, there is no prejudice to Defendant as a result of the amendment. The case is still early in the discovery process and, as it appears the various Peoplease entities are related, adding a second Peoplease entity should not create an additional burden. *See AstraZeneca*, 2008 WL 5272018, at *7 ("[T]he Court is mindful of the fact that unless the delay at issue will prejudice the non-moving party, a movant seeking to amend does not need to establish a compelling reason for its delay.") (citation omitted). Accordingly, the Court declines to deny Plaintiff's motion to amend on the basis of undue delay.

    *ii.*    *Futility*

Defendant next argues that Plaintiff's proposed addition of Count Nine for "Alter Ego Liability" should not be granted since the amendment would be futile. (ECF No. 22 at 2). An

amendment is considered futile if it advances a claim that is legally insufficient on its face. *Harrison Beverage Co. v. Dribeck Imps., Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990). Courts may properly deny a motion to amend when the amendment would not withstand a motion to dismiss. *Massarsky v. Gen. Motors Corp.*, 706 F.2d 111, 125 (3d Cir. 1983). With respect to futility, "[it is] clear that an amendment would be futile when 'the complaint, as amended, would fail to state a claim upon which relief could be granted.'" *In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1332 (3d Cir. 2002) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997)). In determining whether an amendment is insufficient on its face, the court employs the Rule 12(b)(6) motion to dismiss standard. *Burlington Coat Factory*, 114 F.3d at 1434.

Here, Defendant argues that the addition of Count Nine is futile because alter ego liability is not an independent cause of action. (ECF No. 22 at 2-3). Defendant appears to be correct in this regard. *See, e.g.*, *Tulli-Makowski v. Cmty. Educ. Ctrs., Inc.*, No. 12-cv-06091 (WJM), 2013 WL 6623885, at *8 (D.N.J. Dec. 16, 2013) (dismissing a count with prejudice since "there is no independent cause of action for piercing the corporate veil"); *Telebrands Corp. v. Nat'l Express, Inc.*, No. 12-cv-6671 (FSH), 2013 WL 12149727, at *3 (D.N.J. July 17, 2013) (denying motion to amend because "alter ego is not a separate cause of action for which relief can be granted; rather . . . alter ego serves as a theory to impose liability on an individual for the acts of a corporate entity.") (quoting *Tara Prods., Inc. v. Hollywood Gadgets, Inc.*, No. 09-cv-61436 (JIC), 2010 WL 1531489, at *9 (S.D. Fla. Apr. 16, 2010)); *but see Watson v. Sunrise Senior Living Servs., Inc.*, No. 10-cv-230 (KM), 2013 WL 103966, at *5 (D.N.J. Jan. 8, 2013) (granting motion to amend adding an independent count on piercing the corporate veil).

Notwithstanding the foregoing, Defendant's objection is really form over substance. Namely, while it appears Plaintiff cannot plead alter ego liability as an independent cause of action,

7

she most certainly can plead the allegations as a basis for imposing liability on either of the corporate defendants as alter egos of one another. *See Cevdet Aksüt Ve Ogullari Koll. Sti v. Cavusoglu*, No. 12-cv-2899 (WJM), 2015 WL 4315330, at *5 (D.N.J. July 14, 2015) ("[p]iercing the corporate veil is not an independent cause of action, but rather, an equitable remedy through which the court may impose liability on shareholders who abuse the corporate form and use their corporation as an alter ego in order to advance personal interests"). Accordingly, the Court denies Plaintiff's motion to amend insofar as it attempts to add alter ego liability as an independent claim in Count Nine. However, Plaintiff will be permitted to include the alter-ego allegations in the "facts" section of the Complaint and as a basis for liability in each individual count. *See Tara Prods.*, 2010 WL 1531489, at *9. Plaintiff may amend the proposed Amended Complaint in accordance with these instructions before filing.

   ***iii.***   ***Misuse of Fictitious Parties***

Finally, Defendant opposes Plaintiff's attempt to add "Fictitious 'ABC Peoplease'" to the Amended Complaint because it "turns [] on its head" the entire purpose of fictitious party practice. (Def. Opp'n Br. at 1). Specifically, Defendant argues that Plaintiff now knows the identity of the parties and the need to add a fictious defendant is therefore unnecessary. (*Id.* at 4). In response, Plaintiff explains she seeks this protection "in the event that further discovery points to the need for an additional Peoplease related entity." (ECF No. 20-4 ¶ 28).

The fictitious defendant rule allows a plaintiff to initially name a "fictitious defendant" in place of an actual person or corporation and subsequently amend the complaint to add a newly identified party even after the statute of limitations has expired. N.J. Ct. R. 4:26-4. This Rule "permits a plaintiff to preserve a claim against as *yet unidentified* potential defendants." *Yarchak v. Trek Bicycle Corp.*, 208 F. Supp. 2d 470, 489 (D.N.J. 2002) (emphasis added).

Here, Plaintiff seeks to add a fictitious defendant despite already identifying the pool of Peoplease entities that could be named as defendants and having received enough discovery to identify the correct entities who employed her. There is no need for a fictious corporate entity at this time. Should additional discovery reveal that the information provided to Plaintiff during the limited discovery process was inaccurate or omitted critical information concerning who employed her, Plaintiff can still seek leave to amend, under Fed. R. Civ. P. 15 or 16, and the Court would consider the reasons why the proper corporate entity was not named sooner. Therefore, Plaintiff's Motion to Amend is denied to the extent she seeks to add a fictitious corporate defendant. She should amend her proposed Amended Complaint to omit the fictitious corporate defendant before filing.

## **CONCLUSION**

For the reasons set forth above, the Court **GRANTS** in part and **DENIES** in part Plaintiff's Motion to Amend the Complaint. Plaintiff may file a modified version of her proposed amended complaint that (i) omits the fictitious corporate entity; (ii) omits Count Nine for alter ego liability; and (iii) includes/adds allegations concerning alter ego liability in the factual section concerning alter ego liability and as a basis for liability in each individual count. All other aspects of the proposed Amended Complaint will be permitted as proposed. The Amended Complaint shall be filed within 10 days of this Order. Defendant shall file an Answer or otherwise respond to the Amended Complaint within 14 days of it being filed.

                                               */s/ Stacey D. Adams*
                                               Hon. Stacey D. Adams, U.S.M.J.